UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERIC DARIUS YOUNG,**

    Movant,

v.                                        **No. 4:23-cv-0982-P**
                                                           **(No. 4:20-cr-0318-P)**

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Eric Darius Young, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion should be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On December 16, 2020, Movant was named in a two-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and in count two with attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 35. Movant entered a plea of not guilty. CR ECF No. 38. Movant was tried by a jury and found guilty as to count one and not guilty as to count two. CR ECF No. 136.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 24 as he was accountable

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-cr-0318-P.

for 1.2 kilograms of cocaine. CR ECF No. 141 at ¶ 24. His criminal history category was I, so his guideline imprisonment range was 51 to 63 months. The statutorily authorized minimum sentence was five years, so the guideline range became 60 to 63 months. *Id.* ¶ 61. Both the government and Movant filed objections. CR ECF No. 142; CR ECF No. 145. The probation officer prepared an addendum to the PSR, which reflected that Movant was accountable for 3.2 kilograms of cocaine, which caused his base offense level to increase to 26, consequently increasing the guideline range to 63 to 78 months. CR ECF No. 149. The Court sentenced Movant to a term of imprisonment of 60 months, CR ECF No. 167, a downward variance. CR ECF No. 168.

Movant appealed. CR ECF No. 171. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. *United States v. Young*, No. 21-10824, 2022 WL 2870149 (5th Cir. July 21, 2022).

## GROUNDS OF THE MOTION

Movant urges three grounds in support of his motion. In his first ground, he alleges that he was entrapped. ECF No.[2] 1 at 4.[3] In his second ground, he alleges that the government withheld evidence. *Id.* at 5. And, in his third ground, he alleges that a witness against him provided false testimony. *Id.* at 7.

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

[3] The page number references are to "Page __ of 13" assigned by the Court's electronic filing system and reflected at the top right portion of the document. That reference is used because the typewritten page numbers on the form used by Movant are not the actual page numbers of the document.

for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is

not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant's first issue, that he was entrapped, was raised on direct appeal. *United States v. Young*, 2022 WL 2870149. He is barred from raising it here. *United States v. Fields*, 761 F.3d 443, 482 (5th Cir. 2014); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Movant's second and third issues, that the government withheld evidence and that a government witness gave false testimony at trial, are procedurally defaulted. These are claims that could and should have been raised on appeal and cannot be raised here without a showing of cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). In explaining why these grounds were not raised, Movant simply states that he asked counsel to raise the issues, but counsel failed to do so. ECF No. 1 at 6, 7. Of course, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Movant's allegations are insufficient to show cause.

Even assuming Movant could show cause, and he has not done so, he cannot show prejudice. The evidence Movant alleges was withheld was Movant's own text messages and conversations. Movant testified at trial about his conversations and text messages, affirming that he sent every message and was on every phone call the jury heard. CR ECF No. 185 at 229–33; CR No. 186 at 3. Since he was a party to the communications, he had every opportunity to explain the conversations and messages. Moreover, he has not shown that anything was withheld despite his reasonably diligent efforts to obtain it. *Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994); *United States v. McKenzie*, 768 F.2d 602, 608 (5th Cir. 1985).

As for the third ground, that a coconspirator gave false testimony about when he first met Movant, Movant has not shown that he was prejudiced as a result. He would only be entitled to relief if he could show

4

that (1) the statements were actually false, (2) the government knew they were false, and (3) the statements were material. *United States v. O'Keefe*, 128 F.3d 885, 893–94 (5th Cir. 1997). Other evidence was presented at trial regarding Movant's prior drug trafficking. *See* CR ECF No. 185 at 97–101. Considering all the evidence, there is no reason to believe that the referenced statement was material. *See* CR ECF No. 170 (order denying motion for new trial, reciting evidence presented by Movant and his wife to counter the allegation that he ever participated in drug activity; concluding that even without Lassiter's testimony there was sufficient evidence that Movant was predisposed to commit the crime). More importantly, there is no proof that the government knowingly presented false testimony.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **30th day** of **January 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE